**AM MEDICA COMMUNICATIONS GROUP Plaintiff–Appellant,**

v.

**Suzanne KILGALLEN, Defendant–Appellee.**

No. 03–7447.

United States Court of Appeals, Second Circuit.

Dec. 17, 2003.

Martin E. Karlinsky, Katten Muchin Zavis & Rosenman (Jonathan J. Faust on the brief), New York, New York, for Plaintiff–Appellant.

Jennifer A. Endress, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. (Patrick C. Dunican, Jr., on the brief), New York, New York, for Defendant–Appellee.

Present: NEWMAN, McLAUGHLIN, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff AM Medica Communications Group ("AM Medica") appeals the district court's orders of April 14, 2003 and April 29, 2003 (the "Orders") denying its motion for a preliminary injunction and granting the defendant's motion to dismiss the complaint. For the reasons that follow, we affirm the denial of preliminary injunctive relief and the dismissal of the complaint.

■ Full familiarity with the factual record and procedural history of this action is here assumed. In granting the defendant's motion to dismiss – a decision we review *de novo, see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) – the district court looked beyond the face of the complaint to the employment agreement incorporated therein by reference, and it found that it overreaches. We agree. In its complaint, AM Medica sought (without qualification) "to restrain defendant Kilgallen from the breach of her obligations," which relief, according to the employment agreement, would bar Kilgallen for two years from "provid[ing] to any person [anywhere in the world] the same or similar products or services as are provided by [AM Medica]" – which is to say, it would prevent Kilgallen from earning a living as a conference planner. Such a restrictive covenant is not "reasonable in time and geographic scope" such that a court may enforce its terms as written. *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 70 (2d Cir.1999); *accord BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388–89, 690 N.Y.S.2d 854, 856–57, 712 N.E.2d 1220 (1999); *Reed, Roberts Assocs., Inc. v. Strauman*, 40 N.Y.2d 303, 307, 386 N.Y.S.2d 677, 679, 353 N.E.2d 590 (1976). Because the district court found that AM Medica's employment agreement was "overreaching," it was entitled to exercise its discretion to decline to narrow the restrictive covenant in an effort to render it enforceable.[1] *See BDO Seidman*, 93 N.Y.2d at 394, 690 N.Y.S.2d at 860–61, 712 N.E.2d 1220.

■ Nor does the restrictive covenant protect a legitimate business interest. A conference organizer – who coordinates hotels, caterers, and printers and who makes about $50,000 a year – does not provide the "special, unique or extraordinary" services, *Ticor*, 173 F.3d at 70, that would justify injunctive relief. Cases involving salesmen or brokers, who develop close relationships of trust with their customers, are easily distinguishable. *See Ticor*, 173 F.3d at 71; *Natsource LLC v. Paribello*, 151 F.Supp.2d 465, 469, 472–74 (S.D.N.Y.2001); *Maltby v. Harlow Meyer Savage, Inc.*, 166 Misc.2d 481, 633 N.Y.S.2d 926, 930 (Sup.Ct.1995). If such a relationship was present here, we cannot

---

1. We note that plaintiff never moved to amend the complaint to narrow the relief sought.

discern it from the vague and conclusory allegations of the complaint.

As the complaint did not state a claim, the plaintiff necessarily failed to prove the likelihood of success that is a prerequisite to injunctive relief. *See Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir.2002) (per curiam); *Straus v. Prudential Employee Sav. Plan,* 253 F.Supp.2d 438, 453 (E.D.N.Y.2003).

Accordingly, the judgment of the district court is AFFIRMED.